## Commonwealth v. Arnold

*John K. Reilly, Jr.,* for Commonwealth.

*Dan P. Arnold,* for defendant.

CHERRY, P. J., June 19, 1969. — Defendant operated a motorcycle without wearing headgear approved by the Secretary of Revenue; and he was then charged with violation of the Act of July 15, 1968, 75 PS §625.1, which provides: "Any person operating or riding on a motorcycle shall wear both protective headgear and if such person is not wearing eyeglasses, an eye shield of a type approved by the secretary." Of course, it also provides for penalty if violation occurs. Defendant has filed this appeal assert-

ing unconstitutionality of the act; and the district attorney declared at argument that he agrees with this position.

Although we believe that the act otherwise is salutary in some respects we are not satisfied that it meets constitutional requirements. It violates the ninth and fourteenth Amendments of the United States Constitution and is also violative of section 1, article 1 of the Pennsylvania Constitution. The latter assures to all citizens the rights "of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, *and of pursuing their own happiness.*" (Italics supplied).

We are satisfied that the legislative concern in this act can be related only to the safety of the operator or passenger of the vehicle. Certainly it is not directed to the protection of the general public; and, therefore, public good does not require the direction or restraint imposed by the act. Stated another way, there is no direct relationship to the public health, safety and welfare which would make applicable the presumption of constitutionality which might otherwise exist. In Shelton v. Tucker, 364 U. S. 479, 488, 81 S. Ct. 247, 5 L. Ed. 2d 231, it was stated:

"In a series of decisions this Court has held that, even though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved."

We believe this to be particularly applicable in the instant matter and, therefore, enter the following

## ORDER

Now, June 19, 1969, the appeal is sustained, the charges dismissed and cash bail, if any, shall be returned to the party who supplied the same. Costs shall be paid by the County of Clearfield.